## DAVID et al. v. GUILBEAU.

### No. 1849.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

George P. Lessley, of Lafayette, for appellant.

Labbe & Guidry, of St. Martinville, for appellee.

DORE, Judge.

This suit was originally filed by plaintiff Raoul David, with whom were joined as plaintiffs Mrs. Emma Vallot and her husband, Oscar David. The petition sets out that the first named plaintiff acquired 12½ arpents of land from the second named plaintiff Mrs. Emma Vallot, wife of Oscar David, on January 23, 1934, and that there was included in this transfer an additional tract located south and east of the 12½-arpent tract formed by accretion from and dereliction of Spanish Lake, making a total area of some 30 arpents; that the defendant had been in possession of said land as lessee of Mrs. Emma Vallot for the year 1933, and previous years, but that this lease was terminated at the end of 1933; that the defendant claiming to be the owner of part of said land acquired by plaintiffs by accretion, refused to surrender possession of same, and disturbed plaintiffs' possession of same, as well as some 3½ arpents of the original 12½ arpents, by farming and cultivating said lands; that said disturbance took place on January 1, 1934, and continued down to the filing of the suit in June of that year. Plaintiffs aver that they have had the actual possession of said property through their authors in title and through their tenants and agents for several years, and that the acts of the defendant constitute a disturbance of their possession in law and in fact.

Plaintiff Raoul David included in his demand for possession a claim for damages against the defendant in the sum of $1,000 for slandering his title to the said land and for maliciously causing his arrest in an effort to take possession of the land. Mrs. Emma Vallot included a claim for $15 for the balance due her by the defendant on the rent for 1933. On exceptions of misjoinder of parties plaintiff and improper cumulation of causes of action, plaintiffs were required to elect as to which plaintiff was to proceed with the action and which cause of action was to be prosecuted. Plaintiffs elected to continue Raoul David as plaintiff and the possessory action as the sole cause of action. The action is therefore restricted to

the right of possession of this plaintiff to the property.

In his answer, among other things, defendant alleged that he was in possession of the 12½-arpent tract for the year 1933, and for several years previously, as the tenant of Mrs. Vallot; that in January, 1934, upon learning that Mrs. Vallot had sold said 12½-arpent tract to Raoul David, he instructed his tenants to cease cultivating said tract; that as to the other part of the land (that formed by accretion) he was in possession of same and had been in possession of this tract independently of any agreement with Mrs. Vallot; that he learned in the early part of 1934 that this land formed by accretion belonged to the state of Louisiana; and that he leased same from the state of Louisiana in April of that year and held possession of same from that date by virtue of said lease.

Judgment was rendered in favor of the defendant quieting his possession of the entime 30-arpent tract. Plaintiff has appealed.

This suit involves the right of possession to the land formed by accretion between the 12½-arpent tract and Spanish Lake, which is shown by a survey to contain 16.44 acres, and also the possession of 3 or 4 arpents in the southeastern part of the 12½-arpent tract adjoining the other land formed by accretion. The 16.44 acres is referred to by the witnesses as vacant land and will bé so indicated here. The other tract of 12½ arpents will be referred to as plaintiff's land.

The principal question is as to who had possession of this land at the time of filing the suit and for the year previous. There is no question but that defendant leased plaintiff's land from his author in title for the year 1933 and for some five or six years previously; defendant claims that he cultivated the vacant land on his own account and without paying any rent thereon to Mrs. Vallot; that he only paid her rent for the other tract. In other words, defendant claims that he took possession of this vacant land which belongs to the state and used it on his own account in connection with his use of the other tract which he had leased from Mrs. Vallot.

Plaintiff claims that his authors in title took possession of this vacant tract about 1911 and used it for pasture and for raising crops continuously up until about 1928, when defendant leased both tracts and paid rent on same with a share of the crops until the year 1933 when he paid $40 rent for both tracts.

The evidence shows that plaintiff's authors in title did use this vacant land up to about 1922, but the evidence rather preponderates to the effect that the defendant began about that time to appropriate this vacant land to his use in connection with another tract adjoining plaintiff's land owned by one Smedes and from whom defendant was renting. This situation rather lends support to defendant's contention that, when he leased plaintiff's 12½-arpent tract from Mrs. Vallot about 1928, he was then using for his own account this vacant land, and that he continued to use it as a kind of squatter without paying any one any rent thereon. Hence it follows that on the 1st of January, 1934, and thereafter, when plaintiff claims that his possession of this tract was disturbed, defendant had been in possession of this vacant land as a squatter for a number of years; plaintiff has shown no better right to possession than the defendant.

Defendant admits that on January 1, 1934, and up to the time the suit was filed, he was cultivating and in possession through a tenant of 3 or 4 arpents of plaintiff's 12½-arpent tract, but he justifies his possession and cultivation of his tract on the ground that Mrs. Vallot, the then owner had arranged with him to let her use a part of the land that he was renting from Smedes in order that she might have more land near her house, and Smedes was permitted to use this 3 or 4 arpents in return. This agreement does not seem to be denied by any one.

Plaintiff has failed to show that he or his authors in title had the actual possession of the vacant land at the time the suit was filed, or during the previous year; nor has he shown that he has suffered a real disturbance of the 3 or 4 arpent tract in the plaintiff's 12½-arpent tract, a necessary requisite for the possessory action under article 49 of the Code of Practice.

In his reasons for judgment, the judge of the lower declared that there should be judgment dismissing plaintiff's suit at his cost, but the judgment decreed the defendant the possessor of the whole of both tracts, some 30 arpents, and maintained and quieted his possession thereof. The defendant had only prayed in his answer for the dismissal of plaintiff's suit. The judgment appealed from is erroneous.

852

In order to conform to the facts and the pleadings, it will be necessary to annul and reverse the judgment, and a decree entered accordingly.

For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed; and it is now ordered that there be judgment herein dismissing plaintiff's suit, plaintiff to pay the cost of the lower court, the defendant to pay the cost of this appeal.